■ PPX ENTERPRISES, INC., Appellant, v WARNER BROS. RECORDS, INC., Respondent.—Order and judgment (one paper), Supreme Court, New York County (Beatrice Shainswit, J.), entered February 27, 1990, confirming an arbitrator's award and denying petitioner's application to vacate the award, with the exception that respondent was directed to comply immediately with any obligations set forth in the underlying agreement, with costs, fees and expenses of the arbitration to be shared two thirds by petitioner and one third by respondent, unanimously affirmed, with costs.

The dispute arises over the settlement of royalties from the musical recordings of the late Jimi Hendrix, under an agreement signed in 1968, two years before he died. An earlier arbitration in 1971-1972 ended in denial of all of petitioner's claims, with respondent then directed to comply with the undisputed royalty accounting provisions of the underlying agreement. Confirmation of that decision was affirmed by this court without opinion in 1974 *(sub nom. Matter of Hendrix v PPX Enters.,* 44 AD2d 652). The instant arbitration proceeding

was commenced nine years later, seeking determination of the proper amount due, including the validity of certain deductions taken by respondent in the calculation of royalties. The arbitrator denied petitioner's claims in their entirety.

The award was final and definite, even though it called upon respondent to calculate and pay the unspecified interest then due under the underlying agreement. The arbitrator left no doubt that petitioner's substantive claims were "denied in their entirety".

Petitioner also raises a procedural argument, to wit, that the arbitration proceeding was cut off before petitioner had an opportunity to complete its substantive presentation. At the penultimate hearing, in February 1988, the arbitrator asked for submission of memoranda on the question of whether he had the authority to reexamine matters already determined and confirmed in the earlier arbitration. Petitioner argues that at the final hearing, in January 1989, the arbitrator indicated he would hear more testimony and accept additional evidence on this issue, but instead decided subsequently to close the hearings, thus precluding petitioner from completing its presentation.

The procedural claim is without merit. After submission of memoranda at the final hearing, the parties were formally notified on February 3, 1989 that there would be no further hearings, and that the parties had 10 days in which to present any additional written submissions. Petitioner resubmitted nothing. On February 16 the parties were formally notified that the hearings were closed, and that an award would be forthcoming within 30 days. That award was issued on March 17, 1989. Petitioner waited 6½ weeks before asking the American Arbitration Association to set aside the award because of having prematurely received a "substantive" decision from the arbitrator, when petitioner believed there were still procedural matters to be determined.

Petitioner had 11 months to prepare for what turned out to be the final hearing, and adequate notice of the impending conclusion of this six-year arbitration proceeding. It also had ample opportunity to make additional submissions, or at least to request a stay of the impending determination, but failed to do so. In these circumstances, petitioner waived its right to further continuance of the proceeding. Concur—Kupferman, J. P., Carro, Kassal, Ellerin and Smith, JJ.